**UNITED STATES of America, Appellee,**

v.

**Stephen Thomas UTHE, Appellant.**

**No. 82–1474.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 16, 1982.

Decided Aug. 19, 1982.

John D. Hudson, Des Moines, Iowa, for appellant.

Richard C. Turner, U. S. Atty., Ronald M. Kayser, Asst. U. S. Atty., Des Moines, Iowa, for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and DAVIES,* Senior District Judge.

PER CURIAM.

Appellant Stephen Thomas Uthe appeals from a judgment of conviction entered by the District Court for the Southern District of Iowa,[1] sitting without a jury, finding him guilty of escaping from the custody of an institutional officer, in violation of 18 U.S.C. § 751(a), and sentencing him to one year and one day imprisonment. The district court also ordered that the sentence run consecutively to two state sentences that appellant is currently serving.

Neither party disputes the fact that appellant was in the custody of the Attorney General pursuant to a subpoena issued under the laws of the United States, nor that appellant willfully escaped. In justification of his escape, however, appellant argues the

---

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

defense of duress or necessity and relies upon *United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980). In *Bailey* the Court stated:

[I]n order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure and that an indispensable element of such offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force.

*Id.* at 412–13, 100 S.Ct. at 635–36 (footnote omitted). Moreover, the Court also stated: "Under any definition of these defenses, one principle remains constant: if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the defenses will fail." *Id.* at 410, 100 S.Ct. at 634, *citing* W. LaFave & A. Scott, Handbook on Criminal Law 379 (1972).

Granted appellant testified that the man in the Iowa State Men's Reformatory at Anamosa, Iowa, knew he was an informant and referred to him as "snitch," "rat," "FBI," and "BCI." But even appellant testified that he had not told anyone at the Story County Jail at Nevada, Iowa, of fears for his well-being. Likewise, appellant testified that after he escaped he realized the escape was ridiculous and that he willingly surrendered himself to law enforcement officials. The district court, however, found that appellant was caught and that he did not surrender. Thus, the district court considered both elements of appellant's *Bailey* defense and rejected them, finding that appellant had other legal, reasonable alternatives to the escape.

From review of the record and the briefs, we find that the district court's finding is not clearly erroneous. Accordingly, the judgment of the district court is affirmed.